UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

Case No. 13-23333-EPK

In re:  Chapter 7
BARRY BIONDO,

    Debtor.
_____/

THANH NGUYEN and
LUONG NGUYEN,

                                Adversary Proceeding 13-01612-EPK

    Plaintiffs,

v.

BARRY BIONDO,

    Defendant.
_____/

### AMENDED COMPLAINT TO DETERMINE DEBT NON-DISCHARGEABLE PURSUANT TO 11 U.S.C. § 523

    Creditors Thanh Nguyen and Luong Nguyen ("Nguyen"), by and through the undersigned counsel, hereby file the instant action to establish that Debtor's, Barry Biondo ("Biondo"), debt to Nguyen, arising from the Final Judgment in the trademark infringement action styled *Thanh Nguyen and Luong Nguyen v. Barry Biondo and Tipsy Spa and Salon, Inc*, Case No.: 9:11-CV-81156-MIDDLEBROOKS, in the District Court for the Southern District of Florida, is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

    In support thereof, Nguyen states:

#### Introduction

    1.    The Final Judgment resulted from Biondo's willful and malicious damage to the Nguyen's "Tipsy" mark due to Biondo's infringing use of the mark, not only in violation of Federal

and State law, but also in violation of the District Court's Order enjoining such use. The Final Judgment is attached as exhibit "A."

2.  The Final Judgment was issued against both Biondo and Tipsy Spa and Salon, Inc., a corporate entity owned by Biondo, which has since changed names and subsequently voluntarily dissolved.

3.  Although Biondo seeks bankruptcy protection, it is well established that damages resulting from trademark infringement, sanctions for continued infringement, and related attorneys fees and costs are non-dischargeable under 11 U.S.C. § 523(a)(6).

## Jurisdiction

4.  Biondo, an individual debtor, filed a voluntary Chapter 13 petition on June 4, 2013. [DE 1]. This petition was converted to a voluntary Chapter 7 petition on June 18, 2013. [DE 8].

5.  This Court has jurisdiction over this adversary proceeding as a core proceeding pursuant to the provisions of 28 U.S.C. § 1334 and 157(b)(2)(I) and 11 U.S.C. § 523, because this is a proceeding to determine the dischargeability of a particular debt. The Court fixed September 23, 2013 as the last day to challenge dischargeability of certain debts, thus the Complaint was timely filed.

6.  Venue is proper in this district pursuant to 28 U.S.C. § 1409.

7.  Nguyen are creditors in the instant Chapter 7 proceedings pursuant to the Final Judgment in the aforementioned action and a Proof of Claim filed on July 19, 2013. (Claim 1).

## Operative Facts

8.  Thanh Nguyen was granted a Federal Trademark and a Florida Trademark on the "Tipsy" mark in 2008 and 2009 respectively. Nguyen utilized the "Tipsy" mark to operate several nail salon businesses with bar services.

9. Nguyen and Biondo at one time jointly operated a Wellington, Florida nail salon under the "Tipsy" mark.

10. Following a management disagreement, Biondo purchased from Nguyen the fixtures and furnishings of the salon as well as the right to operate a competing business. The parties' agreement also allowed Biondo to use the "Tipsy" mark for one year.

11. In contravention of the parties' agreement, upon the expiration of the year Biondo continued to willfully and maliciously use the "Tipsy" mark, in direct competition with Nguyen's ongoing business.

12. On October 17, 2011, Nguyen filed a complaint in District Court, asserting claims for trademark infringement, cybersquatting, unjust enrichment and breach of contract. [District Court DE 1 (DC DE 1]]. This complaint was amended on February 23, 2012. [DC DE 30]

13. In an Omnibus Order issued June 15, 2012 (the "Omnibus Order"), the District Court found Nguyen were entitled to judgment as a matter of law on Lanham Act claims for trademark infringement, false designation of origin, and for common law trademark infringement, cybersquatting and breach of contract. [DC DE 99]. The Omnibus Order is attached as exhibit "B."

14. In the Omnibus Order, the Court found that the infringement was willful. [DC DE 99 at p. 13].

15. In addition to willfulness, the District Court made the following specific findings in the Omnibus Order:

    a. Thanh Nguyen owns the rights to the "Tipsy" mark, which he registered with the USPTO and the State of Florida. [DE 99 at pp 6-7]. Thanh owned the exclusive rights to the "Tipsy" mark. [DE 99 at p. 10].

b. Pursuant to the Parties' agreement, Debtor was authorized to use the "Tipsy" mark until March 11, 2011. [DE 99 at p. 7].

c. After March 11, 2011, Debtor continued to use the "Tipsy" mark, and even applied for a federal trademark incorporating the "Tipsy" name. [DE 99 at p. 7].

d. "Plaintiffs proved Defendants' bad faith intent to profit off their infringing activities by introducing evidence of both Defendants' ongoing willful unauthorized use of the "Tipsy" mark and Biondo's attempt to register his own mark using the "Tipsy" name." [DE 99 at p. 11].

e. "Plaintiffs further established Defendants acted in bad faith by introducing evidence that Defendants failed to abide by the express terms of the Agreement." [DE 99 at p. 11].

f. "The evidence demonstrates that Defendants' infringement was willful." [DE 99 at p. 13].

g. "Plaintiffs are entitled to injunctive relief because they successfully demonstrated Defendants willfully infringed upon the "Tipsy" mark." [DE 99 at p. 14].

h. "'The legislative history indicates that a court should only award attorney fees in cases 'characterized as malicious, fraudulent, deliberate and willful.'  Due to Defendants' intentional infringement, I find Plaintiffs, as the prevailing party, are entitled to recover their reasonable attorneys fees and costs." [DE 99 at p. 15] (internal citations omitted).

16. The District Court awarded statutory damages in the amount of $800,000 pursuant to 15 U.S.C. §117(c)(2) and $50,000 pursuant to 15 U.S.C. 1117(d), injunctive relief, and attorneys fees and contract damages at an amount to be later determined. [DC DE 99 ¶¶ 13, 14 , 21].

17. Pursuant to the District Court Order, Biondo was permanently enjoined from using the "Tipsy" mark. [DC DE 99 at 21].

18. Not deterred by the injunction, Biondo continued to use the "Tipsy" mark, prominently displaying it at his business and using the domain name, in clear violation of the Omnibus Order.

19. On September 28, 2012, Nguyen moved for an Order to Show Cause. [DC DE 112].

20. On March 20, 2013, District Court issued an Order Assessing Sanctions. [DC DE 138]. The Order Assessing Sanctions is attached as exhibit "C."

21. In its Order Assessing Sanctions, the District Court found that Biondo had violated the Omnibus Order and failed to show good cause excusing his violations. [DC DE 138]. The District Court ordered Biondo to pay $27,700 for his continued violations of the "Tipsy" mark. [DC DE 138].

22. In its Order Assessing Sanctions, the District Court made the following specific findings, in addition to those previously made in the Omnibus Order:

   a. Plaintiffs provided proof that Defendants violated the District Court's injunction. [DE 138 at p. 4].

   b. Defendants acknowledged that they violated the Court's Omnibus Order. [DE 138 at p. 4].

   c. Defendants "failed to reasonably explain their conduct or provide any basis which would excuse their failure to comply with the Court's Omnibus Order." [DE 138 at p. 5].

   d. "it is clear that Plaintiffs have established a case of non-compliance against Defendants." [DE 138 at p. 5].

e.  Defendants "failed to show good cause which excuses their failure to comply with the Court' s Omnibus Order." [DE 138 at p. 6].

23. Biondo's continued illegal use of Nguyen's "Tipsy" mark was willful and malicious.

24. On April 12, 2013, the District Court issued a comprehensive Final Judgment. In addition to an order permanently enjoining use of the "Tipsy" mark, the Final Judgment ordered Nguyen to recover the following amounts from Biondo: (1) $850,000 in statutory damages; (2) $120,737.20 in contract damages; (3) $242, 295.50 in attorney's fees; (4) $10,747.18 in costs; and (5) $27,700 in sanctions. [DC DE 143].

25. Nguyen is not seeking a determination that the $120,737.20 in contract damages are non-dischargeable.

26. Because $1,130,742.68 of the amounts recoverable pursuant to the Final Judgment is related to trademark infringement claims and related attorney's fees, costs and sanctions, these amounts are non-dischargeable pursuant to 11 U.S.C. §523(a)(6).

**Count I - Exception to Discharge Under 11 U.S.C. § 523 (a)(6)**

27. Nguyen realleges paragraphs 1 - 26 as set forth above.

28. Pursuant to 11 U.S.C. § 523(a)(6), an individual debtor shall not receive a discharge from any debt "for willful or malicious injury by the debtor to another entity or to the property of another entity."

29. As established by the Omnibus Order, Order Assessing Sanctions and the Final Judgment, Biondo willfully and maliciously injured Nguyen's property, specifically Nguyen's trademark.

30. Biondo's $1,130,742.68 debt to Nguyen arises out of the willful and malicious injury which Biondo has inflicted.

6

31.     Biondo's conduct violates the provisions of 11 U.S.C. § 523(a)(6) and, therefore, Biondo's debt to Nguyen constitutes a non-dischargeable debt.

WHEREFORE the Nguyen creditors seek a determination that Biondo is not entitled to a discharge of his debt to the Nguyen creditors, which debt arises out of the Final Judgment issued by the District Court for the Southern District of Florida.

DATED:   October 29, 2013.

> I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rules 2090-1(A) and 9011-4(A)(1)
>
> MRACHEK, FITZGERALD, ROSE,
> KONOPKA & DOW, P.A.
> 505 S. Flagler Drive, Suite 600
> West Palm Beach, FL 33401
> Telephone:  (561) 655-2250
> Facsimile:   (561) 655-5537
> email: rdow@mrachek-law.com
> email: dkelly@mrachek-law.com
> Attorneys for Judgment Creditors, Nguyen
>
> By:     /s/Randy R. Dow
>            Randy R. Dow
>            Florida Bar No. 142506
>            /s/Dawn M. Kelly
>            Dawn M. Kelly
>            Florida Bar No. 0049388

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing Motion was served on the parties listed below, in the manner stated, this 31st day of October, 2013.

/s/ Randy R. Dow

**Via ECF Notice**:

| | |
|---|---|
| David Tybor, Esq. | david@gtlawyers.com; court@gtlawyers.com; gabriel@gtlawyers.com; dave.tybor@gmail.com |
| Office of the US Trustee | USTPRegion21.MM.ECF@usdoj.gov |
| Margaret J. Smith | msmith@glassratner.com, FL32@ecfcbis.com, msams@glassratner.com |

**Via U.S. Mail:**

Barry Biondo
300 S. Australian Avenue, #307
West Palm Beach, FL 33401